**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**FULL SPECTRUM SOLUTIONS, INC.,**

       **Plaintiff,**

                                    Case No.        06-14190

**v.**

                                    **HONORABLE DENISE PAGE HOOD**

**HARMONY LIGHTING, INC.** *et. al.***,**

       **Defendants.**

_____/

**ORDER GRANTING MOTION FOR LEAVE TO WITHDRAW AS COUNSEL**

This matter is before the Court on Petitioner Sullivan, Ward, Asher & Patton, P.C.'s Motion For Leave to Withdraw as Counsel for Defendant GFL Lighting Ltd., filed October 27, 2006. Plaintiff Full Spectrum Solutions, Inc., filed a Response on October 29, 2006. Defendants Harmony Lighting, Inc., Harmony Holdings LLC, and James A. Ouellette filed a Reply on November 6, 2006. On November 20, 2006, Plaintiff filed a Supplemental Response and on December 4, 2006 Defendants Harmony Lighting, Inc., Harmony Holdings LLC, and James A. Ouellette filed a Supplemental Response. On December 5, 2006, Plaintiff filed a Reply to Defendants' Supplemental Response.

On September 22, 2006, Petitioner Sullivan, Ward, Asher & Patton, P.C. [hereinafter "Petitioner"] filed an appearance on behalf of Defendants Harmony Lighting, Inc., Harmony Holdings LLC, GFL Lighting Ltd. [hereinafter "GFL"], and James A. Ouellette.

Petitioner asserts that the continued representation of GFL may create a conflict of interest with counsel's representation of Defendants Harmony Lighting, Inc., Harmony Holdings LLC, and

James A. Ouellette. (Mot. For Leave to Withdraw as Counsel at 2). Petitioner states that Defendant GFL has consented to this Motion and argues that Defendant GFL will not be prejudiced since Plaintiff has yet to serve Defendant GFL, no pleadings have been filed, nor has a Rule 26 conference taken place. *Id.*

Plaintiff has no objection to Petitioner withdrawing as counsel for Defendant GFL, however, contends that Plaintiff should not be required to now serve Defendant GFL in accordance with the procedural law of China. (Pl.'s Resp. at 2). "Plaintiff is informed and believes that defendant GFL Lighting Ltd. knows of this lawsuit and has received copies of the papers from representatives of Harmony Lighting, Inc. such that there has been actual service upon defendant GFL Lighting Ltd.". *Id.* Plaintiff asserts that, since Defendant GFL received copies of the papers from Defendant Harmony Lighting, Inc. and has already appeared through counsel, an order allowing Petitioner to withdraw as counsel for Defendant GFL should be conditioned on the requirement that Defendant Harmony Lighting Ltd. obtain new counsel and file its answer or other responsive pleadings within 30 days, or other reasonable time, of the court's order. *Id.* Lastly, Plaintiff argues that effectuating service upon Defendant GFL in China could take six months or longer, since Plaintiff would have to go through the Chinese court system, and this matter should not be delayed further since Harmony Lighting, Inc., Harmony Holdings LLC, and GFL have acted in concert and may have common ownership. *Id.* at 3.

Defendants Harmony Lighting, Inc., Harmony Holdings LLC, and James A. Ouellette argue the following in their Reply Brief:

1. since Plaintiff does not oppose defense counsel's Motion to Withdraw, nor suggest there is any reason for this Court to deny that Motion, Petitioner should be permitted

    to withdraw as counsel;

2. Plaintiff's argument that it should not be required to serve GFL according to the procedural law of China wholly ignores the procedural requirements that are necessary to subject a defendant to this Court's power;

3. receiving notice of a lawsuit is not equivalent to being served with process. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

4. Federal Rules of Procedure 4(f) and 4(h)(2) set out the requirements for services of process upon foreign corporations. Plaintiff has not satisfied those requirements with respect to GFL and GFL has not waived its right to be formally served. Accordingly, GFL is not yet a party to this lawsuit;

5. as a practical matter, GFL will not be aware of events relating to this lawsuit since counsel is withdrawing because of a real or potential conflict of interest;

6. Plaintiff's bare allegation that it is "informed and believes" that GFL "knows of this lawsuit and has received copies of the papers" is no reason for the Court to risk infringing upon the sovereignty of the Chinese courts by asserting jurisdiction over a foreign entity who has not been formally served with process. *See Murphy Bros., Inc.*, 526 U.S. at 356.

In its Supplemental Response, citing the testimony of James A. Ouellette, Plaintiff argues that Defendant GFL and Harmony act as alter-ego's of one another and should thus be treated as one entity. (Pl.'s Supplemental Resp. at 2, 5). Plaintiff asserts that it relied on the general appearance filed on behalf of Defendant GFL and thus did not proceed to serve that defendant in China. *Id.* at 4. Moreover, Plaintiff claims it would be an injustice to Plaintiff and greatly delay the proceedings

if Plaintiff were now required to have a new summons issue and serve Defendant GFL. *Id.*

Plaintiff further argues that once a defendant has voluntarily appeared in an action, the court acquires jurisdiction. In the instant case, Defendant GFL is bound by the general appearance of its attorneys. *Id.* at 5. Defense counsel did not file a special or a limited appearance on behalf of Defendant GFL and defense counsel actually needed the participation of Defendant GFL to remove the case to federal court. *Id.* at 5.

In their Supplemental Response, Defendants Harmony Lighting, Inc., Harmony Holdings LLC, and James A. Ouellette assert that there is no basis for this Court to conclude, as a matter of law, that Defendants are alter egos of each other. (Supplemental Response at 2). Indeed, the fact that there is a potential conflict lends itself to the possibility that the companies may have different positions on whether they wish to be viewed as alter egos of the other.

Improper service of process is generally an issue raised in a defendant's motion to dismiss for failure of service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). *See Kearns v. Ferrari*, 752 F.Supp. 749 (E. D. Mich. 1990). Since no Defendant in the instant case has brought such a motion, Plaintiff's assertion of the issue of service of process in response to Petitioner's Motion for Leave to Withdraw as Counsel is not proper and Plaintiff is seeking an advisory opinion on the issue of service of process. The Court will not address the merits of the issue of service of process, as it is not properly before the Court.

Since no parties directly object to Petitioner withdrawing from the representation of Defendant GFL, and the Court is satisfied that a potential or actual conflict of interest exists, Petitioner's Motion for Leave to Withdraw as Counsel is granted. Defendant GFL has sixty (60) days from the date of filing of this Order to obtain new counsel and file an Answer or other

responsive pleading.

Accordingly,

IT IS HEREBY ORDERED that Petitioner Sullivan, Ward, Asher & Patton, P.C.'s Motion For Leave to Withdraw as Counsel for Defendant GFL Lighting Ltd. [Docket No. 13, filed October 27, 2006] is GRANTED.

IT IS FURTHER ORDERED that Defendant GFL Lighting Ltd. must obtain new counsel within sixty (60) days of this Order.

IT IS FURTHER ORDERED that counsel shall appear for a scheduling conference on January 9, 2007, at 2:30 p.m.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: January 5, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 5, 2007, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager

5