**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**FULL SPECTRUM SOLUTIONS, INC.,**

        **Plaintiff,**

                                      Case No.      06-14190

v.

                                      **HONORABLE DENISE PAGE HOOD**

**HARMONY LIGHTING, INC.** *et. al.*,

        **Defendants.**

_____/

**MEMORANDUM OPINION AND ORDER**

**I.    INTRODUCTION**

This matter is before the Court on Defendants GFL Lighting Ltd. and Guan Fumin's Motion to Dismiss for Non-Service, filed March 6, 2007. Plaintiff Full Spectrum Solutions Inc. filed a Response on March 20, 2007. Plaintiff filed two Supplemental Briefs on April 5, 2007.

**II.    STATEMENT OF FACTS**

This action was commenced in the Jackson County Circuit Court and removed to this Court on September 22, 2006. On January 5, 2007, this Court granted Defendants' attorney's Motion for Leave to Withdraw as Counsel for Defendant GFL Lighting Ltd. ("GFL"), providing Defendant GFL sixty days to obtain new counsel and file an Answer or other responsive pleading.

Defendant GFL is a Chinese corporation and Defendant Fumin is a foreign national and president of Defendant GFL. (Defs.' Mot. to Dismiss at 2).

**III.    APPLICABLE LAW & ANALYSIS**

1

### A. Motion to Dismiss

Federal Rules of Civil Procedure 12(b)(5) provides for a motion to dismiss for insufficiency of service of process. The Supreme Court has declared:

> It is an elementary principle of jurisprudence that a court of justice cannot acquire jurisdiction over the person of one who has no residence within its territorial jurisdiction, except by actual service of notice within the jurisdiction upon him or upon someone authorized to accept service in his behalf, or by his waiver, by general appearance or otherwise, of the want of due service.

*Rauch, III v. Day and Night Manu. Corp.*, 576 F.2d 697, 700 (1978) (quoting *Goldey v. Morning News*, 156 U.S. 518 (1895). The assertion of personal jurisdiction over a defendant may be founded on a voluntary appearance. *Id.* (citing Pennoyer v. Neff, 95 U.S. 714, 725 (1878). Regarding removal of an action to federal court, "a defendant does not waive objections to service of process or personal jurisdiction by removing a state court action to federal court. *Cowen v. Am. Medical Sys.*, 411 F.Supp.2d 717, 720 (E.D. Mich 2006) (citing *Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929); *see also Kerr v. Holland American-Line Westours, Inc.*, 794 F.Supp. 207, 213 n. 6 ("filing of a removal petition before being officially served does not constitute an 'implied acceptance of process' so as to preclude the defendant from attacking the validity of service of process in the federal court after removal").

Defendants GFL and Fumin argue that they have not been served with process pursuant to Fed. R. Civ. P. 4 and therefore dismissal pursuant to F. R. Civ. P. 12(b)(5) is appropriate. Defendants GFL and Fumin argue that Plaintiff was not relieved of its obligation to serve Defendant GFL by virtue of Defendant joining in the removal petition.

Plaintiff asserts that since Defendants joined in the removal petition, if Defendants are dismissed from the action, the Court should remand to state court since Defendants Harmony and

James Ouellette have agreed to be sued in state court. Plaintiff argues that after participating in the removal petition, Defendant GFL voluntarily filed a general appearance through counsel and filed a Statement of Disclosure of Corporate Affiliations and Financial Interest, which confers jurisdiction over Defendant GFL. Plaintiff also asserts that Defendants Harmony[1] and Defendant GFL are alter-ego's of one another and therefore service upon Defendants Harmony constitutes service on Defendant GFL.

Plaintiff does not dispute that it has not effectuated personal service upon Defendants GFL and Fumin. The questions before this Court are: (1) whether Defendants GFL and Fumin waived their right to service of process by joining in the removal action; (2) whether Defendant GFL filed a general appearance by which the Court acquired personal jurisdiction over Defendant GFL; and (3) whether Defendant GFL is an alter-ego of Defendants Harmony such that service upon Defendants Harmony constitutes service on Defendant GFL.

Defendants GFL and Fumin are correct in asserting that the filing of a removal petition does not constitute waiver of service. However, the Notice of Removal states, "Defendants Harmony Lighting, Inc., Harmony Holdings, LLC, GFL Lighting Ltd., and James A. Oullette (collectively "the Removing Defendants") file this Notice of Removal of the civil action . . . The Summons and Complaint were served upon the Removing Defendants on August 24, 2006." Defendant GFL thereby admits that service of process was effectuated upon it on August 24, 2006 and has waived objections to service of process.

As argued by Plaintiff, on September 22, 2006 Sheri B. Cataldo filed an attorney appearance

---

[1] Plaintiff does not specify whether it is referring to Harmony Lighting, Inc. and/or Harmony Holdings LLC, however, the Court will construe Plaintiff as referring to both Harmony Defendants.

3

on behalf of Defendants GFL, James Oullette, Harmony Lighting Inc. and Harmony Holdings, L.L.C.  This general appearance also vests the Court with jurisdiction over Defendant GFL.

Defendant Fumin did not join in the Notice of Removal and Ms. Cataldo expressly filed the appearance on behalf of all Defendants except Defendant Fumin.  Plaintiff is not relieved of its obligation to effectuate service upon Defendant Fumin.  In order to proceed against Defendant Fumin, Plaintiff must effectuate service upon Defendant Fumin.

Given that the Court has found that Defendant GFL has waived objections to service of process, the Court need not determine, at this time, whether Defendant GFL is the alter-ego of Defendants Harmony.

**B.  Costs**

Defendants GFL and Fumin have not persuaded the Court that they are entitled to costs in bringing the instant Motion.

Accordingly,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss for Non-Service is GRANTED in part and DENIED in part: Defendants' Motion to Dismiss for Non-Service is as to Defendant GFL Lighting Ltd. is  DENIED; Defendants' Motion to Dismiss for Non-Service as to Defendant Guan Fumin is DENIED without prejudice.

IT IS ORDERED that the April 30, 2007 status conference is adjourned to July 9, 2007, at

2:15 p.m.

                                                s/ DENISE PAGE HOOD
                                                DENISE PAGE HOOD
                                                United States District Judge

DATED: April 23, 2007

      I hereby certify that a copy of the foregoing document was served upon counsel of record on April 23, 2007, by electronic and/or ordinary mail.

                                                S/William F. Lewis
                                                Case Manager